1
2
3
4
5
6

UNITED STATES DISTRICT COURT

7

NORTHERN DISTRICT OF CALIFORNIA

8
9

MICHAEL JOSEPH PAGALING,

Plaintiff,

Case No. 22-cv-02202 BLF (PR)

10

v.

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION FOR APPOINTMENT OF COUNSEL; DENYING OTHER MOTIONS**

11
12

NAPA STATE HOSPITAL, et al.,

13

Defendants.

(Docket Nos. 3, 12, 14)

14
15
16

Plaintiff, a state prisoner, filed a civil rights complaint the Napa State Hospital

17

("NSH"), where he is currently confined, and its employees.  Dkt. No. 1 at 2.[1]  Plaintiff's

18

motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

19

Plaintiff has also filed a motion for appointment of counsel, Dkt. No. 3, motion requesting

20

information, Dkt. No. 12, and a motion for discovery, Dkt. No. 14.

21
22

**DISCUSSION**

23

**A.      Standard of Review**

24

A federal court must conduct a preliminary screening in any case in which a

25

prisoner seeks redress from a governmental entity or officer or employee of a

26

governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any

27
28

_____

[1] This matter was reassigned to this Court on April 26, 2022.  Dkt. No. 9.

United States District Court
Northern District of California

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.    <u>Plaintiff's Claims</u>

Plaintiff claims that since he arrived at the hospital in May 2015, he has been unable to "go up to the groups in the S-complex" where there are craft groups, a computer lab, painting, sewing, needle craft, and other groups which he cannot attend because there is no wheelchair access.  Dkt. No. 1 at 3.  Plaintiff claims that he was on "unit T-16" for 5 years and was not allowed to go to "full discharge unit" because his wheelchair cannot fit in the room and there were "issues with handicap accessibility."  *Id.*  Plaintiff alleges that he is a paraplegic and cannot go to the groups in those units.  *Id.*  Plaintiff claims NSH is liable for "disability discrimination" and various staff members within Unit T-16 are liable for gross negligence.  *Id.* at 2.  Plaintiff seeks damages.  *Id.* at 6.

Plaintiff's allegations of "disability discrimination" implicate Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Title II protects "a qualified individual with a disability."  42 U.S.C. § 12132.  In the context of the ADA, the term "disability" means: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of the person; (B) having a record of such an impairment; or (C) being regarded as having such an impairment."  *Id.* §

12102(1).  For purposes of § 12102(a), "major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working."  42 U.S.C. § 12102(2)(A).  Liberally construed, Plaintiff's allegations that he was denied access to various services and programs at NSH as a paraplegic are sufficient to state a claim under the ADA.

On the other hand, Plaintiff's claims of gross negligence are not cognizable under § 1983 and is only viable under state law.  *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner).  This Court has supplemental jurisdiction over state-law claims.  *See* 28 U.S.C. § 1367(a).  However, there are no factual allegations against the individually named Defendants of Unit T-16, i.e., Supervisor John Simms, Nurse Almira, Nurse Ethelda, Nurse Roselle, Nurse Nelly, Precious (shift lead), and Dr. Trihn, to establish a gross negligence claim against any of them.  Dkt. No. 1 at 2.  Plaintiff shall be granted leave to file an amended complaint to allege specific facts to state such a claim.  He must describe the actions of *each* Defendant, including when and where they took such actions, and how their actions amount to gross negligence.

In the alternative, Plaintiff may opt to strike the gross negligence claims from the complaint and proceed solely on ADA claim against NSH.  Then the individually named staff members of Unit T-16 will be dismissed from this action, which will then proceed solely against NSH based on the ADA claim.

**C.**    **Pending Motions**

Plaintiff filed a request for details of his cases in order to "refile a new summons, and complaint along with motions for each case."  Dkt. No. 12.  The docket reflects that the Clerk responded to his request on June 30, 2022.  Accordingly, this motion shall be terminated as moot.

Plaintiff's request for discovery from NSH, Dkt. No. 14, is DENIED as premature since the matter has not yet been served on any defendant.  Discovery shall proceed once the Court orders service of this matter.  Meanwhile, Plaintiff should attempt the normal administrative channels to obtain access to his medical records and central file.  *See*, *e.g.*, Cal. Code Regs. tit. 15, §§ 3999.217 to 3999.219; California Correctional Health Care Service, Department Operations Manual §§ 2.2.2, 2.3.4, 2.3.14, 2.3.15.

Plaintiff requests appointment of counsel because he has a mental disability and is on "mind altering medication."  Dkt. No. 3.  First of all, there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  Despite his alleged mental disability, Plaintiff has shown that he is capable of litigating this matter by filing coherent and organized papers.  Accordingly, the motion is **DENIED** for lack of exceptional circumstances.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

The Court will also consider the motion under Federal Rule of Civil Procedure 17(c), which provides in relevant part that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2).  The Ninth Circuit has held that when "a substantial question"

United States District Court
Northern District of California

exists regarding the mental incompetence of a pro se litigant, the district court should conduct a hearing to determine competence so that a guardian ad litem may be appointed if appropriate. *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). Other circuits have held that a district court's duty of inquiry under Rule 17(c) is triggered by "verifiable evidence" of incompetence. *See, e.g.*, *Powell v. Symons*, 680 F.3d 301, 307 (3rd Cir. 2012); *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003).

The Ninth Circuit found a "substantial question" regarding competence where a pro se prisoner litigant submitted a letter from the prison psychiatrist stating that the litigant was under his care, had been diagnosed with schizophrenia, and was taking psychotropic medications, *see Allen*, 408 F.3d at 1152, but it found no substantial question where a pro se litigant merely asserted that the district court should have conducted a competency hearing, *see Day v. Sonoma Cnty.*, 1997 WL 686016, at *2 (9th Cir. Oct. 30, 1997). The Third Circuit found "verifiable evidence" of incompetence where one co-plaintiff was adjudicated incompetence in a simultaneous criminal proceeding and the other co-plaintiff submitted a letter from a mental health professional. *See Powell*, 680 F.3d at 308-09. The Second Circuit has indicated that "verifiable evidence" could take the form of records from a court or public agency or evidence from a mental health professional, but that bizarre behavior, standing alone, is not sufficient to trigger a district court's duty of inquiry under Rule 17(c). *See Ferrelli*, 323 F.3d at 201-02.

In this case, Plaintiff has provided no evidence in support of his motion and therefore does not raise a substantial question regarding his competence. Dkt. No. 3. Furthermore, as stated above, Plaintiff has shown an ability to articulate his claims despite his alleged mental disability. Lastly, Plaintiff's mere assertion that he needs the assistance of counsel to proceed with the case, without more, is not sufficient to raise a substantial question. *See, e.g.*, *Day*, 1997 WL 686016, at *2. Accordingly, the Court finds that in the absence of verifiable evidence of incompetence, there is no substantial question regarding

Plaintiff's competence and therefore no duty of inquiry.  *See Allen*, 408 F.3d at 1152; *Ferrelli*, 323 F.3d at 201-02.  Plaintiff does not warrant appointment of a guardian ad litem under Rule 17(c).

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1.     The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 22-cv-02202 BLF (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes the original, and Plaintiff may not make references to the original complaint.  Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2.     In the alternative, Plaintiff may file notice in the same time provided that he wishes to strike the gross negligence claims from the complaint and proceed solely on the ADA claim against NSH.  All other defendants will be dismissed from this action.

3.     **Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of the gross negligence claims for failure to state a claim without further notice to Plaintiff.  The individually named staff members of Unit T-16 will be dismissed from this action, and this matter will proceed on the ADA claim against NSH.**

4.     Plaintiff's motion for appointment of counsel is DENIED for lack of exceptional circumstances.  Dkt. No. 3.  Plaintiff's motion for information is DENIED as moot.  Dkt. No. 12.  Plaintiff's motion for discovery is DENIED as premature.  Dkt. No.

United States District Court
Northern District of California

14.

      This order terminates Docket Nos. 3, 12, and 14.

      **IT IS SO ORDERED.**

**Dated:  __August 3, 2022_____**

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend; Denying Other Motion
PRO-SE\BLF\CR.22\02202Pagaling_dwlta

7