UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL JOSEPH PAGALING,

    Plaintiff,

   v.

NAPA STATE HOSPITAL, et al.,

    Defendants.

Case No. 22-cv-02202 BLF (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner, filed a civil rights complaint the Napa State Hospital ("NSH"), where he is currently confined, and its employees. Dkt. No. 1 at 2. The Court found the complaint stated a cognizable claim under the Americans with Disabilities Act ("ADA") but dismissed the complaint with leave to amend a supplemental state law claim regarding his medical care. Dkt. No. 16. Plaintiff filed a "complaint," which the Court construes as an amended complaint. Dkt. No. 17.

### DISCUSSION

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

In the original complaint, Plaintiff alleged "disability discrimination" with respect to his inability to access various services within NSH. Dkt. No. 1 at 3. He also alleged that various staff members were liable for gross negligence. *Id.* at 2. The Court found the ADA claim cognizable. Dkt. No. 16 at 2-3. However, Plaintiff's claims of gross negligence were not cognizable under § 1983. *Id.* at 3. Nevertheless, the Court advised Plaintiff that it has supplemental jurisdiction over state-law claims, but that there were no factual allegations against the individually named Defendants to establish a gross negligence claim against them. *Id.* Plaintiff was granted leave to file an amended complaint to attempt to allege sufficient facts to state such a claim. *Id.*

The Court notes that Plaintiff filed a subsequent action against Napa State Hospital containing the same ADA claims as in the original complaint filed in this action. *See Pagaling v. Napa State Hospital*, Case No. 22-04483 BLF (PR), Dkt. No. 1. That matter has proceeded past initial screening and been ordered served on Defendants. *Id.*, Dkt. No. 8. Accordingly, Plaintiff's ADA claims are proceeding in that action.

In the amended complaint filed in this action, Plaintiff does not include any ADA claims. Rather, he expresses concern regarding treatment he received in August 2022 for his bladder pain and sediment in his urine. Dkt. No. 17 at 1. Plaintiff also claims that he was recently told that he had irregular bladder function and the beginning signs of chronic kidney disease. *Id.* Plaintiff claims that he "obtained this chronic kidney disease" while

2

under the care of Dr. Trihn at the T-16 unit of NSH.  *Id.* at 2.  Plaintiff feels that his treatment has been "neglected and compromised."  *Id.* at 2.  Plaintiff claims Dr. Trihn has been grossly negligent, and that he suffered from headaches, pain and diarrhea for the past one and a half years under Dr. Trihn's care.  Dkt. No. 17 at 2.  Plaintiff claims that since receiving antibiotics from another doctor, the diarrhea and chronic headaches "went away."  *Id.* at 2.

The Court has supplemental jurisdiction over all other claims under 28 U.S.C. § 1367(a) "'that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'"  *See Executive Software North America, Inc. v. United States District Court*, 24 F.3d 1545, 1555 (9th Cir. 1994) (quoting 28 U.S.C. § 1367(a)).  Nonetheless, pendent jurisdiction "is a doctrine of discretion, not of plaintiff's rights," *Int'l College of Surgeons*, 522 U.S. at 172 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)), and § 1367(c) codifies the district's court's discretion to decline jurisdiction over pendent claims by considering and weighing at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity, *see id.* at 173.

Supplemental state law claims <u>must</u> be dismissed when the district court has no underlying original jurisdiction over the federal claims.  *See Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 806-07 (9th Cir. 2001) (where district court determined it lacked admiralty jurisdiction, it had no power to retain supplemental state law claims).  This must be distinguished from the district court's discretionary authority to retain jurisdiction over state law claims where it has dismissed on the merits federal claims over which it did have original jurisdiction.  *Id.* at 806.

Plaintiff was advised that claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants.  Dkt. No. 16 at 6, citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).  Plaintiff has filed an amended complaint that contains no federal claims.

3

Therefore, the Court has no basis for original jurisdiction over this action. Furthermore, Plaintiff was already afforded one opportunity to amend, and the Court finds no good cause to grant him another opportunity. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik*, 963 F.2d at 1261. Accordingly, this action must be dismissed because the Court has no power to retain supplemental state law claims. *See Herman Family Revocable Trust*, 254 F.3d at 806-07. The proper avenue to pursue his gross negligence claim against Dr. Trihn is in state court.

## CONCLUSION

For the foregoing reasons, the action is **DISMISSED** for lack of federal jurisdiction. Plaintiff must file his state law claims in state court.

The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: __January 4, 2023_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.22\02202Pagaling_dismFAC